**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2487

DANIEL B. DUBE,

Plaintiff, Appellant,

v.

J.P. MORGAN INVESTOR SERVICES,

Defendant, Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before

Selya, Lynch, and Howard, Circuit Judges.

Daniel B. Dube, on brief pro se.
Richard W. Paterniti and Joan Ackerstein, Jackson Lewis, LLP,
on brief for defendant, appellee.

October 13, 2006

**Per Curiam**.  After a thorough review of the record and of the parties' submissions, we affirm.

We see no abuse of discretion in the district court's refusal to award a statutory penalty pursuant to 29 U.S.C. § 1132(c)(1)(B).  See Rodriguez-Abreu v. Chase Manhattan Bank, N.A., 986 F.2d 580, 588 (1st Cir. 1993).  The district court noted the absence of bad faith on the part of defendant/appellee J.P. Morgan Investor Services ("JPMIS"), and there was no evidence that any delay prejudiced plaintiff/appellant Daniel Dube's attempt to collect disability payments.  See Sullivan v. Raytheon Co., 262 F.3d 41, 52 (1st Cir. 2001) (in deciding whether to assess a penalty for delay, a court may consider whether the employer acted in bad faith or whether delay prejudiced the plaintiff) (citing Rodriguez-Abreu, 986 F.2d at 588-89).  Dube admitted that his claim for insurance benefits was rejected because he failed to provide medical documentation to support the claim.  Although the plan documents originally provided to Dube apparently were out-of-date (and, therefore, may have made the claim process more difficult or frustrating for Dube), that fact ultimately had no effect on the outcome of his claim for disability coverage.[1]  Accordingly, we affirm the district court's award of summary judgment in JPMIS's favor on this count.

---

[1]Dube contends that JPMIS had an obligation to keep its plan documents up-to-date, and while other provisions in ERISA may impose this requirement, subsection 1132(b)(1)(C) – the provision under which Dube seeks relief – does not provide a remedy for an employer's failure to update its documents.

We also affirm the district court's award of summary judgment on Dube's claims under the Family and Medical Leave Act ("FMLA").  Dube first argues that JPMIS did not comply with the requirement that it post a notice alerting all employees of their rights and obligations under the FMLA.  See 29 C.F.R. § 825.300(a).  JPMIS posted its FMLA notice on its intranet website – which was accessible to all employees while they were at work – and Dube says this was insufficient because he could not access it from home during his leave period.  But, JPMIS was not required to post the notice where it could be seen by employees at home; the regulation only requires that the notice be posted at the workplace, and Dube cites no authority to support his suggestion that this rule is different where the notice is posted electronically.  The district court properly rejected this claim.

Dube also complains that JPMIS did not provide him with adequate individual notice of his rights or duties under the FMLA once he announced his need for leave, as required by 29 C.F.R. § 825.301(b), nor did it discuss the FMLA with him.  Even if JPMIS failed in its duties under 29 C.F.R. § 825.301(b) – a question we do not decide – Dube has no remedy.  That is because JPMIS gave him the full 12-weeks (and more) of FMLA leave to which he was entitled.  In Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81 (2002), the Court ruled that where an employee had received all of the FMLA leave to which that employee was entitled, the employee

had no remedy for the employer's technical violation of the notice requirements.  Id. at 89-90.  The only exception to this rule occurs where the employee can show that the lack of notice caused some prejudice (e.g., that the employee would not have structured leave in the same way had notice been provided); but we see nothing in this record indicating that Dube was prejudiced by any lack of notice.

Dube next argues that he was not provided the full 12 weeks of FMLA to which he was entitled.  This argument fails.  Dube insists that he did not receive his full 12 weeks of FMLA leave because JPMIS purported to start his *unpaid* FMLA leave on April 8, 2002 (about seven weeks into the 15-week leave period he was afforded), and he contends that he was entitled to 12 weeks of FMLA leave *beginning* on April 8.  In Ragsdale, the Court explicitly rejected such a notion, holding that an employer was only obligated to give an employee 12 weeks of FMLA leave, and that this was true no matter what additional benefits (e.g., paid leave) were provided by a more generous company policy or when the employer first designated the leave as FMLA leave.  The district court properly rejected this claim.

Finally, Dube argues that he was discharged in retaliation for invoking his rights under the FMLA.  Even if Dube can establish a prima facie case of retaliation, see Colburn v. Parker Hannifin, 429 F.3d 325, 336 (1st Cir. 2005), JPMIS has

advanced legitimate, nondiscriminatory reasons for dismissing Dube after 15 weeks of leave: he failed to provide documentation showing that he was unable to return to work after April 8, and even if he had provided that documentation (he says he did, though he provides no proof), the uncontradicted evidence shows that Dube was unable to return to work after the expiration of his 15-week leave period. This provides a second legitimate, nondiscriminatory reason for Dube's dismissal. Thus, Dube must show that these stated reasons are pretextual. See id. He has pointed to no evidence of pretext in the record, and we see none. Indeed, there is ample evidence to the contrary. Though it was under no obligation to do so, JPMIS paid Dube's full salary throughout most of his leave. It began doing so immediately (in February 2002), despite the fact that it took Dube a full seven weeks to provide any documentation of his medical condition. And, although the documentation he did eventually provide stated that Dube could return to work (part-time) on April 8, 2002, Dube remained on leave, and JPMIS continued to pay his full salary for an additional eight weeks (later recovering one paycheck covering a two-week period). In all, Dube was given 13 weeks of paid leave (and an additional two weeks of unpaid leave), despite his failure to document fully his inability to work throughout the last eight weeks of that period, and despite the fact that the FMLA only required JPMIS to give Dube 12 weeks of unpaid leave. Dube points

to nothing in the record which might show JPMIS's reasons for dismissing him after this leave period were pretextual or that its action were retaliatory. Accordingly, the district court properly granted summary judgment on this claim.

Affirmed. See 1st Cir. R. 27(c).